**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

|  |  |  |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 7:25-cv-00372-DC-DTG |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § | |
| *Defendant*. | § § | |

**ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google LLC ("Google" or "Defendant") submits its Answer and Affirmative Defenses to Plaintiff Headwater Research LLC's ("Headwater" or "Plaintiff") First Amended Complaint for Patent Infringement as follows:

**BACKGROUND**

1.      Paragraph 1 sets forth conclusions of law to which no response is required. To the extent a response is required, Google denies the allegations of Paragraph 1 and specifically denies that it has committed any acts of infringement.

2.      Google is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis denies them.

3.      To the extent the allegations in Paragraph 3 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Google is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and on that basis denies them.

4.    To the extent the allegations in Paragraph 4 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis denies them.

5.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies them.

6.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies them.

7.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies them.

8.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies them.

9.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies them.

10.    To the extent that the allegations in Paragraph 10 purport to describe or quote one or more documents, Google asserts that those documents are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' full content and context. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and on that basis denies them.

11.     Paragraph 11 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 11.

12.     Paragraph 12 contains legal conclusions and arguments to which no response is required. To the extent the allegations in Paragraph 12 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. To the extent a response is required, Google denies the allegations in Paragraph 12.

13.     Paragraph 13 contains legal conclusions and arguments to which no response is required. To the extent the allegations in Paragraph 13 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. To the extent a response is required, Google denies the allegations in Paragraph 13.

14.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies them.

15.     Google denies infringement of the Asserted Patent by the Accused Instrumentalities. Google is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 15, and on that basis denies them.

16.     Google denies that it uses the Asserted Patent. The remainder of the allegations in Paragraph 16 lack sufficient detail to allow Google to admit or deny the same. To the extent a further response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis denies them.

## **GOOGLE'S ALLEGED KNOWLEDGE OF THE ASSERTED PATENT**

17.    Google denies infringement of the Asserted Patent by the Accused Instrumentalities and any knowledge thereof. To the extent a response is required, Google denies the remaining allegations in Paragraph 17.

18.    Google denies infringement of the '445 patent by the Accused Instrumentalities and any knowledge thereof, including from the proceedings in Case No. 2:22-cv-00422 ("422 Case"). To the extent the allegations in Paragraph 18 purport to describe or quote one or more documents, Google asserts that those documents are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' full content and context. To the extent the allegations in Paragraph 18 concerning information "shared . . . with Google" purport to require the disclosure of information protected by one or more privileges, protections, or immunities, no response is required. To the extent a response is required, Google denies the remaining allegations of Paragraph 18.

19.    Google denies infringement of the '445 patent by the Accused Instrumentalities and any knowledge thereof, including from the proceedings in the 422 Case. To the extent the allegations in Paragraph 19 purport to describe or quote one or more documents, Google asserts that those documents are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' full content and context. To the extent the allegations in Paragraph 19 concerning information "shared . . . with Google" purport to require the disclosure of information protected by one or more privileges, protections, or immunities, no response is required. To the extent a response is required, Google denies the remaining allegations of Paragraph 19.

20.    Google denies infringement of the '445 patent by the Accused Instrumentalities and any knowledge thereof, including from the proceedings in the 422 Case. Google admits that

in the 422 Case, Headwater served a subpoena on Google. To the extent the allegations in Paragraph 20 purport to describe or quote one or more documents, Google asserts that those documents are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' full content and context. To the extent the allegations in Paragraph 20 are directed to information protected from disclosure by one or more privileges, protections, or immunities, no response is required. To the extent a response is required, Google denies the allegations in Paragraph 20.

21.    Google denies infringement of the '445 patent by the Accused Instrumentalities and any knowledge thereof, including from the proceedings in the 422 Case. To the extent the allegations in Paragraph 21 purport to describe or quote one or more documents, Google asserts that those documents are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' full content and context. To the extent the allegations in Paragraph 21 concerning information "shared . . . with Google" purport to require the disclosure of information protected by one or more privileges, protections, or immunities, no response is required. To the extent a response is required, Google denies the remaining allegations of Paragraph 21.

22.    Google admits that it was involved in discovery in the 422 Case to the extent that Headwater served a subpoena on Google. To the extent the allegations in Paragraph 22 are directed to information protected from disclosure by one or more privileges, protections, or immunities, no response is required. To the extent a response is required, Google denies the allegations in Paragraph 22.

## PLAINTIFF HEADWATER & THE ASSERTED PATENT

23.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis denies them.

24.     Google admits that on its face, U.S. Patent No. 9,277,445 is entitled "Wireless end-user device with differential traffic control policy list and applying foreground classification to wireless data service," and bears the issuance date of March 1, 2016. Google admits that Headwater claims to be the owner of the '445 Patent, but this allegation is a conclusion of law to which no response is required. Except as expressly admitted, Google denies the remaining allegations in Paragraph 24.

## DEFENDANT GOOGLE & THE ACCUSED INSTRUMENTALITIES

25.     Google admits that Google LLC is a Delaware limited liability company and a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Google admits that it has an office located at 500 West 2nd Street, Austin, Texas 78701. Google denies any remaining allegations in this paragraph.

26.     Google admits that Headwater, through its First Amended Complaint and Exhibits thereto, accuses mobile electronic devices, including the Google Pixel phones and tablets and related components or entities of allegedly infringing the Asserted Patent, but denies any alleged infringement thereof. To the extent the allegations in Paragraph 26 purport to describe one or more documents, Google asserts that those documents are the best source of their full content and context. To the extent a response is required, Google denies the remaining allegations in Paragraph 26 and specifically denies it has committed any acts of infringement.

## JURISDICTION & VENUE

27.     Google admits that Headwater brought this action under the United States patent laws, 35 U.S.C. §§ 1, *et seq.*

28.     Google admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). For purposes of this action only, Google will not challenge subject

matter jurisdiction. Google reserves the right to challenge subject matter jurisdiction in the future.

29.     Google does not contest personal jurisdiction in this District solely for the purpose of this action. Google specifically denies that it has committed any acts of infringement within this District, or any other District. To the extent the remaining allegations of Paragraph 29 are directed at Google, Google is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

30.     Google admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a). Google admits that it has an office in this District but denies that it has committed any acts of infringement in this District or any other district. Except as expressly admitted, Google denies the remaining allegations of Paragraph 30.

31.     Google denies infringement of the Asserted Patent. Google is unable to determine the meaning of the allegations in Paragraph 31 relating to "plac[ing] one or more products and/or services in the stream of commerce . . . with the intention and expectation that they will be purchased and used by consumers in the Western District of Texas," and denies them on the basis that they are insufficiently specific such that Google is without knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent Paragraph 31 purports to describe Google products and/or services, the functionality of those products and services speak for themselves and will be subject to fact and expert discovery in this case. To the extent a response is required and except as expressly admitted, Google denies the remaining allegations of Paragraph 31.

32.     Google denies infringement of the Asserted Patent. Google admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a). Google admits that it has an office in this District but denies that it has committed any acts of infringement in this District or any other district. To the extent that the allegations in Paragraph 32 purport to describe one or more documents, Google asserts that those documents are the best source of their full content and context. Except as expressly admitted, Google denies the remaining allegations of Paragraph 32.

33.     Google admits that it has not contested proper venue under 28 U.S.C. §§ 1391 and 1400(b) in this Judicial District in certain patent infringement actions, but Google has contested and does contest venue in this Judicial District based on convenience and the interests of justice under 28 U.S.C. § 1404(a) for the present action.

### COUNT 1 – INFRINGEMENT OF THE '445 PATENT

34.     Google reasserts and incorporates its responses to all preceding paragraphs.

35.     Google is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 and therefore denies them.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Paragraph 41 and Exhibit 2 set forth conclusions of law to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 41 and Exhibit 2 and specifically denies that it has committed any acts of infringement.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## JURY DEMAND

46.     In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

Google denies that Headwater is entitled to any relief whatsoever, including all relief requested in Headwater's "Relief Requested," inclusive of subparagraphs A through F. To the extent any statement in the Relief Requested is deemed factual, it is denied.

## GENERAL DENIAL

Google denies each and every allegation of the First Amended Complaint that is not specifically admitted herein.

## AFFIRMATIVE & ADDITIONAL DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional defenses that become known at a later date.

## FIRST DEFENSE – NON-INFRINGEMENT

Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, indirectly, willfully, by inducement or contributory infringement, and is not liable for infringement of any kind of any valid and enforceable claim of U.S. Patent No. 9,277,445

("'445 patent") (the "Asserted Patent") including under the reverse doctrine of equivalents. Headwater is also barred from asserting infringement theories under the doctrine of equivalents that encompass or ensnare the prior art. *See, e.g.*, *G. David Jang, M.D. v. Bos. Sci. Corp.*, 872 F.3d 1275, 1285 (Fed. Cir. 2017).

## SECOND DEFENSE – INVALIDITY

The claims of the Asserted Patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas of other non-statutory subject matter.

The claims of the Asserted Patent are invalid and unenforceable under 35 U.S.C. §102 because the claims lack novelty, and are taught and suggested by the prior art.

The claims of the Asserted Patent are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

The claims of the Asserted Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## THIRD DEFENSE – FAILURE TO STATE A CLAIM

Headwater's First Amended Complaint fails to state a claim on which relief may be granted.

## FOURTH DEFENSE – ESTOPPEL, DISCLAIMER, & WAIVER

Headwater's claims are barred, in whole or in part, by equitable doctrines, such as estoppel, and/or unclean hands, based upon, *inter alia*, Headwater's delay in pursuing its claims/causes of action against Google. More specifically, Headwater knew or should have known of the allegedly infringing activities of Google for many years prior to the filing of the First Amended Complaint at least by virtue of having knowledge of Google and Android. The

delay in taking legal action was so long as to constitute equitable estoppel so as to bar all or some relief.

### FIFTH DEFENSE – LIMITATIONS ON PATENT DAMAGES

Headwater's claims for damages, if any, against Google for alleged infringement of the Asserted Patent are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### SIXTH DEFENSE – NO IRREPARABLE HARM

Although Headwater has not pled that an injunction in any form would be a proper remedy, and therefore has waived it, to the extent Headwater later contends that it is entitled to such remedy, Headwater is not entitled to any form of injunctive relief because Headwater has not suffered and will not suffer irreparable harm due to Google's alleged infringement and has an adequate remedy at law.

### SEVENTH DEFENSE – EXPRESS, IMPLIED LICENSE, EXHAUSTION, & PRECLUSION

Headwater's claims are barred, in whole or in part, by the doctrines of license, implied license, exhaustion, claim preclusion, issue preclusion, merger and bar, the doctrine of claim splitting, and/or the *Kessler* doctrine, including to the extent that any of the allegedly infringing conduct is premised on or related to products or instrumentalities made, sold, used, imported, or provided by any licensed entity (whether express or implied) to the Asserted Patent or related patent(s).

### EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Asserted Patent, Headwater's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history

estoppel. To the extent Headwater's alleged claim for infringement of the Asserted Patent is based on the doctrine of equivalents, Headwater is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Headwater is estopped from claiming that the Asserted Patent covers any accused method, system, product, and/or instrumentality

### NINTH DEFENSE – LACK OF STANDING

Headwater cannot prove that it owns the Asserted Patent. Headwater's claims against Google are thus barred because Headwater lacks standing to assert the Asserted Patent.

### TENTH DEFENSE – ACTIONS OF OTHERS

Headwater's claims are barred, in whole or in part, because Google is not liable for the acts of others over whom it has no control.

### ELEVENTH DEFENSE – NO CAUSATION

Headwater's claims are barred, in whole or in part, because Headwater's damages, if any, were not caused by Google.

### TWELFTH DEFENSE – NO EXCEPTIONAL CASE

Headwater cannot prove that this is an exceptional case justifying an award of attorneys' fees against Google pursuant to 35 U.S.C. § 285.

### THIRTEENTH DEFENSE – NO WILLFUL INFRINGEMENT

Headwater is not entitled to enhanced damages under 35 U.S.C. § 284 because Headwater has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### FOURTEENTH DEFENSE – FAILURE TO MARK

Headwater's First Amended Complaint fails to state a claim on which relief may be granted. Headwater is limited in its right to seek damages due to a failure to mark products

covered by the Asserted Patent including, but not limited, to products covered by the Asserted Patent made, used, offered for sale, or sold by Headwater, and prior and current assignees and licensees of the Asserted Patent.

## RESERVATIONS

Discovery in this action is ongoing and Google continues to investigate the allegations set forth in the First Amended Complaint. Google hereby provides explicit notice to Headwater that it intends to rely upon such other defenses as may become available by law or in equity, or pursuant to statute, as discovery proceeds in this action, and hereby reserves the right to assert such additional defenses. Google also reserves the right to supplement and/or amend its defenses as discovery proceeds in this action.

## DEMAND FOR JURY TRIAL

Google respectfully requests a jury trial on issues so triable by right.

## REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests that the Court enter judgment in its favor and against Headwater as follows:

A.    A judgment dismissing, with prejudice, all of Headwater's claims against Google;

B.    A judgment denying all relief that Headwater seeks in its First Amended Complaint;

C.    A declaration finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google its costs and attorneys' fees;

D.    A judgment that the Asserted Patent is invalid and unenforceable;

E.    A judgment that Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, willfully, indirectly, by inducement or contributory

infringement, and is not liable for infringement of any kind of any valid and enforceable claim of the Asserted Patent including under the reverse doctrine of equivalents; and

     F.    A judgment awarding Google any other relief the Court deems just and equitable.

DATED:  November 21, 2025          Respectfully Submitted,

By: */s/ Matthias A. Kamber*_____
      Matthias A. Kamber
      Cal. Bar No. 232147
      matthiaskamber@paulhastings.com
      PAUL HASTINGS LLP
      101 California Street, 48th Floor
      San Francisco, CA 94111
      Telephone: (415) 856-7000
      Facsimile: (415) 856-7100

      Andrea P. Roberts
      Cal. Bar No. 228128
      andrearoberts@paulhastings.com
      PAUL HASTINGS LLP
      1117 S. California Avenue
      Palo Alto, CA 94304
      Telephone: (650) 320-1800
      Facsimile: (650) 320-1900

      Ariell N. Bratton
      Cal. Bar No. 317587
      ariellbratton@paulhastings.com
      PAUL HASTINGS LLP
      4655 Executive Drive, Suite 350
      San Diego, CA 92121
      Telephone: (858) 458-3000
      Facsimile: (858) 458-3005

      Nathaniel St. Clair, II
      Tex. State Bar No. 24071564
      nstclair@jw.com
      JACKSON WALKER LLP
      2323 Ross Avenue, Suite 600
      Dallas, Texas 75201
      Telephone:  (214) 953-6000
      Facsimile:  (214) 953-5822

      *Attorneys for Defendant*
      *GOOGLE LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on November 21, 2025, all counsel of record who have appeared in this case and have consented to electronic service, were served with the foregoing document via the Court's CM/ECF system.

*/s/ Matthias A. Kamber*
Matthias A. Kamber