# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | Case No. 7:25-cv-00374-DC-DTG |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| *Defendant.* | |

**PLAINTIFF HEADWATER RESEARCH LLC'S DISCLOSURE OF ASSERTED
CLAIMS AND INFRINGEMENT CONTENTIONS**

Pursuant to the Order Governing Proceedings – Patent Cases, patent owner Headwater Research LLC ("Headwater") hereby provides its preliminary disclosure of asserted claims and infringement contentions and its accompanying document production. This disclosure is based on the information available to Headwater as of the date of this disclosure, before Headwater has received any discovery on the design or operation of the defendant's products. Headwater reserves the right to amend this disclosure to the full extent permitted under the court's rules and orders.

**I.      Disclosure of Asserted Claims and Infringement Contentions**

**A.      Asserted Claims**

Headwater asserts that Defendant Google LLC ("Google") infringes one or more of the following claims, directly, by inducement, by contributory infringement:

1

| U.S. Patent No. | Asserted Claims |
|---|---|
| 8,666,364 | 1-30 |
| 9,647,918 | 1-19 |

This patent is referred to herein as the Asserted Patent, and these claims as the Asserted Claims.

### B.    Accused Instrumentalities of which Headwater is aware

In this section, Headwater provides lists of accused products that Headwater is aware of infringing based upon information presently available to it and its investigation to date. Headwater's infringement claims are not limited to these listed products and specifically extend to all products and apparatuses of Google similar to the listed products that include the claimed elements. Unless otherwise stated, Headwater's infringement assertions apply to all variations, versions, editions, and applications of each of the listed products.

### i.   U.S. Patent No. 8,666,364

Headwater accuses the following products, including Google's smartphones, tablets, laptops, and other devices, of infringing each of the Asserted Claims of the '364 patent:

Phones, tablets, Chromebooks, wearables, and devices used, sold, offered for sale, or imported within six years of the filing of the date of the lawsuit comprising Android software (e.g., AOSP, Wear OS, etc.) including but not limited to the following: Pixel 4a, Pixel 4a 5G, Pixel 5, Pixel 5a with 5G, Pixel 6, Pixel 6 Pro, Pixel 6a, Pixel 7, Pixel 7 Pro, Pixel 7a, Pixel Fold, Pixel 8, Pixel 8 Pro, Pixel 8a, Pixel 9, Pixel 9 Pro, Pixel 9 Pro XL, Pixel 9 Pro Fold, Pixel 9a, Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, Pixel 10 Pro Fold, Pixel Watch, Pixel Watch 2, Pixel Watch 3, Pixel Watch 4, Pixelbook Go, Pixel Slate, Pixel Tablet,.

The products in the preceding list, including all variations, editions, and applications of the foregoing, and all products and apparatuses of Google similar to the foregoing that include the claimed elements are the '364 Accused Instrumentalities.

### ii.  U.S. Patent No. 9,647,918

Headwater accuses the following products, including Google's smartphones, tablets, laptops, and other devices, of infringing each of the Asserted Claims of the '918 patent:

Phones, tablets, Chromebooks, wearables, and devices used, sold, offered for sale, or imported within six years of the filing of the date of the lawsuit comprising Android software (e.g., AOSP, Wear OS, etc.) including but not limited to the following: Pixel 4a, Pixel 4a 5G, Pixel 5, Pixel 5a with 5G, Pixel 6, Pixel 6 Pro, Pixel 6a, Pixel 7, Pixel 7 Pro, Pixel 7a, Pixel Fold, Pixel 8, Pixel 8 Pro, Pixel 8a, Pixel 9, Pixel 9 Pro, Pixel 9 Pro XL, Pixel 9 Pro Fold, Pixel 9a, Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, Pixel 10 Pro Fold, Pixel Watch, Pixel Watch 2, Pixel Watch 3, Pixel Watch 4, Pixelbook Go, Pixel Slate, Pixel Tablet.

The products in the preceding list, including all variations, editions, and applications of the foregoing, and all products and apparatuses of Google similar to the foregoing that include the claimed elements are the '918 Accused Instrumentalities.

### C.    Claim Charts

Headwater's analysis of Google's products and apparatuses is based upon information that is publicly available and based on Headwater's own investigation prior to any discovery in this action.

While the publicly available information constitutes evidence of the methods and apparatuses used by Headwater in the Accused Instrumentalities, direct evidence of the actual apparatuses and methods are at times not publicly available. Accordingly, these infringement contentions are based on the available public information, analysis, and reasonable inferences drawn from that information.

Headwater reserves the right to amend or supplement these disclosures for any of the following reasons (along with any other reason that may be permitted under the court's rules and orders):

(1) Google provides evidence of the apparatuses and methods used in the Accused Instrumentalities;

3

(2) The Asserted Claims may include elements that involve features that are implemented by hardware structures and logic and Headwater's current positions on infringement are set forth without the benefit of access to Google's source code, schematics, drawings, or other proprietary specifications or information, which cannot be obtained through publicly available information, for the Accused Instrumentalities. Therefore, it may be necessary for Headwater to supplement its positions on infringement after a complete production of such proprietary specifications or information by Google;

(3) Headwater's position on infringement of specific claims will depend on the claim constructions adopted by the Court. Because said constructions have not yet occurred, Headwater cannot take a final position on the bases for infringement of the Asserted Claims; and

(4) Headwater's investigation and analysis of Google's Accused Instrumentalities are based upon information made publicly available by Google and by Headwater's own investigations. Headwater reserves the right to amend these contentions based upon discovery of non-public information that Headwater anticipates receiving from Google during discovery.

Attached as Exhibit A and B, and incorporated herein in their entirety, are charts identifying where each element of the Asserted Claims of the Asserted Patents are found in the Accused Instrumentalities.

Unless otherwise indicated, the information provided that corresponds to each claim element is considered to indicate that each claim element is found within each of the different variations, versions, editions, and applications of each respective Accused Instrumentalities.

D.    **Literal Infringement / Doctrine of Equivalents**

4

With respect to the patent at issue, Headwater contends that each element of each Asserted Claim is literally present. To the extent that Google identifies elements of the Asserted Claims that it contends are not literally present in the Accused Instrumentalities, Headwater contends that such elements are present under the doctrine of equivalents.

### E. Priority Dates

The Asserted Claims of the Asserted Patent are entitled to a priority date at least as early as identified below, based upon the filing dates of Provisional Application Nos. 61/206,354 and 61/472,606, respectively.

| U.S. Patent No. | Priority Date |
| --- | --- |
| 8,666,364 | January 28, 2009 |
| 9,647,918 | January 24, 2011 |

## II. Document Production Accompanying Disclosure

### A. Documents related to conception:

Headwater is presently unaware of any non-privileged documents that evidence the conception, reduction to practice, design, or development of the claimed inventions, which were created on or before the application dates of the Asserted Patent. Headwater also refers Defendant to the public filings regarding Samsung's motion to dismiss for lack of standing in *Headwater Research LLC v. Samsung Electronics Co., Ltd*., No. 2:22-cv-00422 (E.D. Tex.) and *Headwater Research LLC v. Samsung Electronics Co., Ltd*., No. 2:23-cv-00103 (E.D. Tex.).

A diligent search continues for documents, and Headwater reserves the right to supplement this response.

### B. Documents including the file history:

The file histories for the Asserted Patents may be found in Headwater's production.

Date:  December 17, 2025

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
James N. Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being served upon counsel of record for Defendant on December 17, 2025 via electronic mail.

*/s/ Marc Fenster*
Marc Fenster
