IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | CASE NO. 7:25-CV-00372-DC-DTG |
| | § | ▋ |
| GOOGLE LLC, | § | |
| *Defendant,* | § | |

### ORDER ON THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY (DKT. NO. 64) AND THE DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 38)

Pending before the Court is the plaintiff, Headwater Research LLC's motion for leave to file a sur-reply (Dkt. No. 64) and the defendant, Google LLC's motion to transfer venue to the Northern District of California (Dkt. No. 38). The motions are fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court finds that the plaintiff's motion for leave to file a sur-reply is **DENIED** and the defendant's motion to transfer is **GRANTED**. Because the Court finds that the Northern District of California is clearly more convenient, the Court **ORDERS** the case **TRANSFERRED** to the Northern District of California.

## I.    BACKGROUND

The present case involves allegations of patent infringement and is one of several pending lawsuits between the parties. The plaintiff filed this suit in the Midland-Odessa Division of the Western District of Texas. Dkt. No. 24. The plaintiff accuses the defendant of infringement of U.S. Patent No. 9,277,445. *Id.* ¶ 1.

The defendant moves to transfer this case to the Northern District of California. Dkt. No. 38. The plaintiff is a Texas limited liability company organized under the laws of Texas, with its principal place of business in Tyler, Texas, which is in the Eastern District of Texas. Dkt. No. 24 ¶ 24. The defendant is a Delaware limited liability company with an established place of business in Austin, Texas. *Id.* ¶ 26. The defendant is headquartered in Mountain View, California, which is in the Northern District of California. Dkt. No. 38 at 9.

The parties in this case had several discovery disputes during venue discovery resulting in several orders from the Court. Dkt. Nos. 55, 59, 60. The Court's April 16, 2026 Order required the defendant to make each of the twelve declarants, whose declarations were attached to the defendant's reply in support of its motion to transfer, available for a one-hour deposition. Dkt. No. 60. The Court further ordered that the plaintiff must seek leave to file a sur-reply based on those depositions. *Id.* Headwater now moves for leave to file a sur-reply. Dkt. No. 64.

## II.    LEGAL STANDARD

Generally, sur-replies are "heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V,* 551 F.App'x. 749, 751 n.2 (5th Cir. 2014) (quoting *Weems v. Hodnett,* No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). When a movant raises new arguments or evidence in a reply brief, however, the district court must either permit the non-movant a sur-reply or decline to consider the newly briefed matters. *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.,* 99 F.4th 770, 774 (5th Cir. 2024) (citing *Residents of Gordon Plaza, Inc. v. Cantrell,* 25 F.4th 288, 296 (5th Cir. 2022)). Evidence attached to a reply is not new or susceptible to being struck when it simply responds to arguments and evidence raised in a response. *See Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.,* No. 1:23-CV-1143-DII, 2024 WL 4182592 at *3 (W.D. Tex. July 10, 2024) (declining to strike declarations

that rebutted witness arguments made in a response); *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, No. PE:18-CV-00039-DC-DF, 2020 WL 4708714, at *2 (W.D. Tex. July 13, 2020) (denying motion to strike reply declarations because they were rebuttals to evidence previously introduced by the movant); *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (declining to strike evidence that was responsive to arguments and evidence in the plaintiff's response to the defendant's summary judgment motion).

Section 1404 allows a court to transfer a case to a district where it could have been brought for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). A party seeking transfer under section 1404 "must show good cause" and that the transferee district is "clearly more convenient." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (*"Volkswagen II"*). This does not mean, however, that a party must identify what witnesses it would actually call at trial and the specific testimony they would provide. *In re VirtaMove, Corp.*, No. 2025-130, 2025 WL 2618803, at *2 (Fed. Cir. Sept. 11, 2025). The transfer analysis is performed using the four well-known private factors and four well-known public factors.[1]

### III.   ANALYSIS OF THE REQUEST TO FILE A SUR-REPLY (DKT. NO. 64).

First, the Court addresses the plaintiff's motion for leave to file a sur-reply. Dkt. No. 64. The plaintiff argues that the defendant raises new arguments and evidence for the first time in its

---

[1] The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*"Volkswagen I"*). The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

reply in support of its motion to transfer by including seven new sworn statements that Google never produced during venue discovery. Dkt. No. 64 at 1. Thus, plaintiff contends that it is entitled to sur-reply or that the Court should decline to rely on the sworn statements. *Id.* The plaintiff specifically points to Exhibits 104, 106, 107, 109–112 as new evidence provided by the defendant after the close of venue discovery. *Id.* The plaintiff contends that the 1-hour depositions ordered by the Court show that the declarations are "irrelevant, misleading, attorney-drafted mouthpiece, and or outright false." *Id.* The plaintiff also argues that the defendant raised new arguments or changed its prior arguments in its reply (Dkt. No. 54) in comparison to its opening motion (Dkt. No. 38). Dkt. No. 64 at 2–3. Specifically, the plaintiff argues the defendant raised new arguments about Google's burden of proof, introduced three new cases, misapplied the law regarding party attorneys by applying it to non-party attorneys, raised new arguments about ██████████████████████ raised new arguments related to the seven new declarations; raised a new "congestion" argument, and made new allegations that Izaak Smith and Shivang Patel are not employed by Google. *Id.*

The defendant responds that what the plaintiff casts as new arguments, including the declarations the plaintiff calls new evidence, are simply responses to the plaintiff's opposition brief (Dkt. No. 47). Dkt. No. 65 at 1. The defendant asserts that it is not relying on the declarants to support transfer but provides the declarations to reply to the plaintiff's response and that the alleged new arguments do not justify a sur-reply. *See generally* Dkt. No. 65.

The Court finds that the declarations provided by the plaintiff are neither new arguments nor new evidence. Instead, they were submitted by the defendant to negate arguments raised for the first time in the plaintiff's response. After reviewing the declarations, the Court finds that most of them simply state that the declarants have no relevant information. This is to directly

rebut the plaintiff's assertions of relevance based on the declarants' LinkedIn profiles.[2]

Additionally, after review, the Court finds the plaintiff's claims that the declarations are

"irrelevant, misleading, attorney-drafted mouthpiece, and or outright false" are unfounded. Each

of the plaintiff's complaints about the declarations involve irrelevant points such as whether the

declarant should have used the ▆▆▆▆▆▆▆▆▆▆ when describing past

work. *Compare* Dkt. No. 54-3 (Decl. of Maradani) *with* Dkt. No. 64-7 (Dep. of Maradani).

The Court also finds that the additional arguments the plaintiff claims are new are also

only responses to the plaintiff's opposition brief (Dkt. No. 47) and therefore do not warrant a sur-

reply. The defendant raises *In re VirtaMove, Corp.* in response to the plaintiff's interpretation of

*In re Clarke. Compare* Dkt. No. 54 at 1–2 *with* Dkt. No. 47 at 1–4. Similarly, the other cases

called into question—those from Judge Pitman, and *Technical Metals, Inc. v. Mfg. Revitalization*

*Corp. of Am. L.P. I*—were cited solely to rebut the plaintiff's arguments. *Compare* Dkt. No. 47 at

2–3, 19–20 *with* Dkt. No. 54 at 2, 10. Regarding *In re Chamber of Com. of United States of Am.,*

---

[2] The declaration of Bryanna Barnett (Dkt. No. 54-1; identified by the plaintiff as Exhibit 104) is in direct response to the plaintiff's assertion that she would have information relevant to any damages model or methodology based on data savings from Pixel on Google Fi infrastructure. Dkt. No. 47 at 11–12. The declaration of Kristopher Easton (Dkt. No. 54-2; identified by the plaintiff as Exhibit 106) is in direct response to the plaintiff's assertions that he would be able to discuss value of saving data/bandwidth on Google Fi when scaling it, relevant to damages. Dkt. No. 47 at 12. The declaration of Bharath Kumar Maradani (Dkt. No. 54-3; identified by the plaintiff as Exhibit 107) is in response to the plaintiff's assertion that he played a key leadership role on Google Fi testing projects and had access to internal testing tools. Dkt. No. 47 at 11. The declaration of Adrienne McCallister (Dkt. No. 54-4; identified by the plaintiff as Exhibit 109) is in direct response to the plaintiff's assertion that she has experience relevant to how Google would have approached a hypothetical negotiation Dkt. No. 47 at 11. The declaration of Rakesh Patel (Dkt. No. 54-5; identified by the plaintiff as Exhibit 110) is in direct response to the plaintiff's assertion that he would have relevant information to a hypothetical negotiation. Dkt. No. 47 at 13. The declaration of Shivang Patel (Dkt. No. 54-6; identified by the plaintiff as Exhibit 111) is in direct response to the plaintiff's assertion that she would have information relevant to any damages theory based on power savings. Dkt. No. 47 at 12–13. The declaration of Shams Pirani (Dkt. No. 54-7; identified by the plaintiff as Exhibit 112) is in direct response to the plaintiff's assertion that he would have information related to the benefits of reducing power consumption, which goes to Headwater's damages theory. Dkt. No. 47 at 13.

105 F.4th 297, 306 (5th Cir. 2024), the Court can make its own determination on how to best apply case law to the facts of this case. The additional ███████████████████ were discovered in venue discovery and do not warrant sur-reply. The information that Izaak Smith and Shivang Patel are not employed by the defendant was in response to the plaintiff's responsive brief. *Compare* Dkt. No. 47 at 12–13 *with* Dkt. No. 54 at 6 and Dkt. No. 54-6. This information was fully available during venue discovery had the plaintiff chosen to develop evidence about these individuals through interrogatories or depositions rather than relying on keywords in LinkedIn profiles. *See* Dkt. No. 46-44 at 21, 39) (printouts of LinkedIn profiles, identified as Exhibit 44). Any prejudice is of the plaintiff's doing. Therefore, the plaintiff's motion for leave to file a sur-reply (Dkt. No. 64) is **DENIED**.

### IV.   ANALYSIS OF THE MOTION TO TRANSFER (DKT. NO. 38).

Moving to the motion to transfer, as a threshold matter, the Court confirms that this case could have been brought in the Northern District of California. The defendant contends that it is headquartered in Mountain View, California, which is in the Northern District of California. Dkt. No. 38 at 8. The plaintiff never disputes those allegations, and the Court accepts the defendant's assertion that this case could have been brought in the Northern District of California as true. Thus, the Court turns to an analysis of the private and public interest factors under section 1404(a).

#### A. The Private Interest Factors

Considering the private interest factors, the Court finds that the defendant has demonstrated that the Northern District of California is clearly more convenient. The defendant and the plaintiff provided numerous potential willing witnesses in their briefings, but after thorough analysis, the Court finds that of those potential willing witnesses that are likely to have

relevant information in this case, the Northern District of California clearly predominates. Many of the defendant's key employees, including Amith Yamasani, Sudheer Shanka, Suprabh Shukla, Rajeev Kumar, and Naja Patil are in the Northern District of California. Dkt. No. 38 at 9–10. While the plaintiff argues that the defendant must clearly demonstrate which witnesses will actually testify, the Court finds that to be a misinterpretation of the law. *See In re VirtaMove, Corp.*, No. 2025-130, 2025 WL 2618803, at *2 (Fed. Cir. Sept. 11, 2025) (rejecting the argument that parties must identify what witnesses they would actually be calling at trial).

Although the defendant has an Austin office, no employees responsible for the design and development of the accused technology are based there. Dkt. No. 38 at 10; Dkt. No. 38-1 ¶ 4. Many of the witnesses that the plaintiff relies on to rebut the defendant's motion are outside of this District. Dkt. No. 47 at 10–11; Dkt. No. 54 at 2–3 (highlighting that the plaintiff's witnesses are in the Eastern District of Texas). The Court is unpersuaded by the internet searches and LinkedIn profiles from which the plaintiff speculates about the relevance of several witnesses, which it failed to depose during venue discovery. The Court finds the responsive declarations undercut any evidentiary force of the LinkedIn profiles or web searches.

As for the availability of compulsory process, the defendant identified several non-party witnesses in the Northern District of California who would need to be compelled to testify, including current and former employees from ItsOn, a third-party related company, and former Headwater employee Mr. Modlin. Dkt. No. 38 at 15. The plaintiff identified several third-party witnesses, but the majority were located outside of the Western District of Texas, and therefore, do not overcome the non-party witnesses located in the Northern District of California. Dkt. No. 47 at 4–8.

Case: 07:2025-CV-00372   Document: 76   *SEALED*   Filed: 7/8/2026   Page 8 of 10

There is no physical or electronic evidence in the Western District of Texas. All of the plaintiff's physical and electronic evidence is located in the Eastern District of Texas. Dkt. No. 47 at 16. However, the defendant's electronic files and its custodians, as well as third party ItsOn's electronically stored information, are located in the Northern District of California. Dkt. No. 38 at 13–14; Dkt. No. 54 at 6.

The fourth private interest factor examines all other practical considerations "that make trial of a case easy, expeditious, and inexpensive." *TikTok*, 85 F.4th at 362 (quoting *Volkswagen II*, 545 F.3d at 315). While there are other cases pending between the parties in this Court, there is also co-pending litigation in the Northern District of California, and the other cases in this district have pending motions to transfer as well. Dkt. No. 47 at 17–18; *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345–46 n.3 (Fed. Cir. 2010) (holding that while the "practical problems" factor may weigh against transfer when there is co-pending litigation in the transferor district involving the same patents and technology, a district court cannot deny transfer based on judicial economy when all of the convenience factors clearly favor transfer); *In re Google Inc.*, No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) (holding that if co-pending cases also have pending transfer motions, the "practical problems" factor might not weigh in favor of transfer). Any complications that could result from cases transferred to the Northern District of California potentially being assigned to different judges does not outweigh the evidence favoring transfer. Considering the private factors as a whole, the defendant has met its burden in demonstrating that the Northern District of California is clearly more convenient.

### B. The Public Interest Factors

Turning to the public interest factors, considering the specific facts of this case, the Court finds that they also clearly favor transfer. The first, third, and fourth factors—the administrative

Case: 07:2025-CV-00372    Document: 76    *SEALED*    Filed: 7/8/2026    Page 9 of 10

difficulties flowing from court congestion, familiarity of the forum and the avoidance of unnecessary conflict of laws—have little effect on this decision. Regarding the familiarity of the forum and the avoidance of conflict of laws, the parties agree these factors are neutral. Dkt. No. 38 at 19; Dkt. No. 47 at 20. Neither party raises persuasive arguments about the court congestion factor, and so the Court finds it has no effect on the transfer decision. *See* Dkt. No. 38 at 19–20 (arguing court congestion is neutral); *see also* Dkt. No. 47 at 20 (arguing court congestion weighs against transfer). The second public interest factor—local interest—demonstrates that the Northern District of California is clearly more convenient.

The defendant has identified significant local interest factors for the Northern District of California, such as the defendant's presence and employees heavily involved in the technology at issue. Dkt. No. 38 at 18–19. Additionally, the claimed invention was conceived in the Northern District of California while the inventor was working at companies he founded in the San Francisco area. *Id.*; *see In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023) (holding that connections between a particular venue and the events that give rise to a suit, such as where the patented technology was invented or prosecuted from, can establish local interest). Each asserted patent was filed and prosecuted by Dr. Raleigh from the Northern District of California. Dkt. No. 38 at 18. The only contrary local interest identified could apply to any district as the defendant is a global company with customers worldwide. Such global interests have no effect on this factor. *See In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024) (holding that an interest that could apply to virtually any judicial district or division in the United States cannot affect the local-interest determination). The Court is persuaded that the defendant has met its burden in demonstrating through the public factors that the Northern District of California is clearly more convenient.



Considering the private and public interest factors in total under the unique facts of this case, the Court finds that the defendant has carried its burden of proving that the Northern District of California is a clearly more convenient venue. Therefore, the motion to transfer should be **GRANTED**.

## V.   CONCLUSION

It is **ORDERED** that the plaintiff's motion for leave to file a sur-reply (Dkt. No. 64) is **DENIED**.

It is **ORDERED** that the defendant's motion to transfer (Dkt. No. 38) is **GRANTED**.

It is further **ORDERED** that all unreached deadlines in this case are **STAYED** until further order of this or the transferee Court and the *Markman* hearing in the above-captioned case set for July 30, 2026 is **CANCELLED**.

The Clerk of Court is **DIRECTED** to take all actions necessary to **TRANSFER** the above-captioned case to the United States District Court for the Northern District of California.

**SIGNED** this 8th day of July, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE